**Javier LOPEZ–URENDA, Petitioner,**

v.

**Michael B. MUKASEY,* Attorney General of the United States, Respondent.**

**No. 04–72760.**

United States Court of Appeals, Ninth Circuit.

Argued June 16, 2006.

Submitted Oct. 10, 2007.

Filed Jan. 3, 2008.

Marc Van Der Hout, Esq., Van Der Hout, Brigagliano & Nightingale, LLP,

* Michael B. Mukasey is substituted for his predecessor Alberto R. Gonzales as Attorney General of the United States. Fed. R.App. 43(c)(2).

San Francisco, CA, Stacy Tolchin, Van Der Hout, Brigagliano & Nightingale, LLP, Los Angeles, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Donald E. Keener, Esq., Alison R. Drucker, Esq., John J. Andre, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: RYMER and LEAVY, Circuit Judges, and MOSKOWITZ,** District Judge.

## MEMORANDUM ***

Javier Lopez–Urenda ("Petitioner") petitions for review of an order of the BIA denying his motion to reopen. We deny the petition.

Petitioner's motion to reopen was denied on the grounds that (1) the motion to reopen was untimely; and (2) Petitioner was barred from applying for adjustment of status because he had remained in the United States after the scheduled date of departure. Petitioner's motion to reopen was filed more than 90 days after the entry of the final order of removal. Therefore, the BIA did not err in denying the motion to reopen. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).

We lack jurisdiction to review claims that the BIA should have exercised its *sua sponte* power to reopen under 8 C.F.R. § 1003.2(a). *Ekimian v. INS*, 303 F.3d 1153 (9th Cir.2002). Petitioner argues that he does not challenge the BIA's refus-al to exercise its *sua sponte* power, but, rather, its failure to consider Petitioner's request for such relief and its failure to address the request in its decision. However, if the BIA were to reopen in response to a motion, the BIA would not be acting *sua sponte*. Ordinarily, the BIA is not required to announce when and why it has chosen not to exercise its *sua sponte* power to reopen in the cases before it. The fact that Petitioner *requested sua sponte* reopening does not create an obligation where there was none before.

We reject Petitioner's argument that his motion to reopen should be deemed timely filed because he was prevented from filing within the 90–day period as a result of the Department of Labor's delay in approving his labor certification application. The delay was a product of the flood of labor certification applications prior to the April 30, 2001, filing deadline for purposes of 8 U.S.C. § 1255(i). Any delay by the Department of Labor in adjudicating the labor certification application, unaccompanied by any affirmative misconduct, does not entitle Petitioner to relief under principles of equity, let alone the United States Constitution. *See, e.g., INS v. Miranda*, 459 U.S. 14, 103 S.Ct. 281, 74 L.Ed.2d 12 (1982) (holding that INS's eighteen-month delay in adjudicating an application of adjustment of status, during which time Miranda's marriage to a United States citizen dissolved, did not estop the government from enforcing the immigration laws); *Jaa v. U.S. INS*, 779 F.2d 569, 572 (9th Cir. 1986) (rejecting petitioner's argument that the INS should be estopped because the INS took 58 months to adjudicate the application for adjustment of status, during which time the petitioner and her husband got divorced). Although Petitioner places

---

** The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

810

the entire blame on the government, Petitioner's employer could have filed the labor application years earlier.

Because we lack jurisdiction to review whether the BIA should have *sua sponte* reopened Petitioner's case, we do not reach the issue of whether Petitioner stayed beyond his voluntary departure period.

We reject Petitioner's argument that he has a substantive due process right not to be separated from his immediate family. *See Munoz v. Ashcroft,* 339 F.3d 950 (9th Cir.2003) (holding that petitioner did not have a substantive due process right to stay in the country with his friends and family).

We are not unmindful of the unique and extremely sympathetic circumstances of this case. By all accounts, Petitioner has been an exemplary father, employee, and member of his local community. If he were to be deported, he would be separated from his wife, three U.S. citizen children, and the life he has worked so hard to build over the past seventeen years. In light of the unfortunate sequence of events leading up to this juncture and Petitioner's positive contributions to society, Petitioner may very well be deserving of prosecutorial grace. However, the grace is not ours to give—Petitioner remains at the mercy of the executive branch, which may be prevailed upon to defer action. *See Reno v. American–Arab Anti–Discrimination Comm.,* 525 U.S. 471, 484, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999).

PETITION DENIED.